**Opinion issued June 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-12-01144-CR**

**NO. 01-12-01145-CR**

**NO. 01-12-01146-CR**

_____

**JAY SCOTT GARRISON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1278458, 1278460, 1302172**

---

## MEMORANDUM OPINION

Appellant, Jay Scott Garrison, Jr., pleaded guilty to the offense of aggravated assault against a public servant in trial court cause number 1278458 and to the offense of aggravated robbery in both trial court cause number 1278460

and trial court cause number 1302172, without an agreed recommendation from the State regarding punishment. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), (b)(2)(B), 29.03(a)(2) (West 2011). The trial court found appellant guilty and assessed punishment at 30 years' confinement in each case. The trial court certified that these are not plea bargain cases and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues that he was denied effective assistance of counsel on appeal and at trial. He further argues that the trial court

2

has refused to file an application for writ of habeas corpus he sent to the court or to inform him of the procedure for filing such an application. Finally, he argues that the evidence was insufficient to prove beyond a reasonable doubt that he committed the offenses for which he was indicted.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Although not an arguable issue, we note the trial court's judgment in trial court cause number 1302172 does not accurately reflect the proceedings. The trial court pronounced sentence in all three trial court causes on December 10, 2012, at which time the trial court made an affirmative finding regarding the use or

3

exhibition of a deadly weapon by appellant and stated the "sentence will begin today." The trial court's December 10, 2012 written judgment accurately reflects that appellant's sentence was imposed and commenced on December 10, 2012 and that the trial court made an affirmative finding regarding a firearm. On February 4, 2013, however, the trial court ordered entry of a judgment nunc pro tunc, solely to correct the "cost bill to reflect the amount of $349.00," and the trial court's subsequent judgment erroneously states "2/2/2013" as the date the sentence was imposed and was to commence and "N/A" for the "Findings on Deadly Weapon."[1]

We have the authority to reform a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 42.3(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Ferguson v. State*, No. 10-13-00173-CR, 2014 WL 895196, at *3 (Tex. App.— Waco Mar. 6, 2014, no pet. h.); *Romero v. State*, No. 13-13-00270-CR, 2013 WL 6729959, at *3 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op., not designated for publication); *McBreen v. State*, Nos. 05-03-01424-CR, 05-03-01425-CR, 2005 WL 3032496, at *4 (Tex. App.—Dallas Nov. 14, 2005, no pet.) (mem. op., not designated for publication). Accordingly, we modify the trial

---

[1] Contrary to the statement on the first page of the judgment that findings on a deadly weapon are not applicable, the second page of the judgment states: "The Court FINDS Defendant used or exhibited a deadly weapon, namely, FIREARM, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g."

court's judgment in cause number 1302172 to reflect that the sentence was imposed and commenced on December 10, 2012 and to reflect "Yes, A Firearm" under "Findings on Deadly Weapon".

We affirm the judgment of the trial court in cause numbers 1278458 and 1278460, affirm the judgment as modified in cause number 1302172, and grant counsel's motion to withdraw.[2]   Attorney Terrence Gaiser must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).